IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ADAM WAYNE WALKER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-332 |
| PRINCILLA SENIGUAR, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Adam Wayne Walker, an inmate currently confined at the Leblanc Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Princilla Seniguar and Larissa Wiltz,

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

Plaintiff filed a Motion for Entry of Default Judgment against Defendant Seniguar on February 3, 2022 (Doc. # 19) after the undersigned, in error, ordered the United States Marshal's Office to serve process upon the Defendants (Doc. # 10) before providing notice to the Texas Attorney General as provided for by the written consent of the Texas Attorney General. The summons for Defendant Wiltz was returned unexecuted while the summons for Defendant Seniguar was returned executed on September 28, 2021 (Doc. #s 12 & 13). No Answer was filed as of February 3, 2022.

On February 4, 2022, the undersigned corrected the error and entered an Order to Answer for both Defendants pursuant to the written consent of the Texas Attorney General's Office (Doc. # 20). On March 3, 2022, both Defendants Seniguar and Wiltz filed their Answer to the complaint (Doc. # 23). Defendants filed their Notice of Disclosures on April 4, 2022 (Doc. # 27) and Plaintiff filed his Notice of Disclosures on April 6, 2022 (Doc. # 28).

## Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

Defendants have filed their Answer and the parties have engaged in discovery. The record is devoid of any delay or contumacious conduct on the parts of the Defendants.

## Recommendation

Plaintiff's Motion for Default Judgment (Doc. # 19) should be denied.

<u>Objections</u>

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 22nd day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge